**UNITED STATES v. FORD MOTOR CO. et al.**

**Civ. No. 8.**

District Court, N. D. Indiana, South Bend Division.

July 25, 1946.

Wendell Berge, Asst. Atty. Gen., Holmes Baldridge, Sp. Asst. to Atty. Gen., Alexander M. Campbell, U. S. Atty. for Northern District of Indiana, of Fort Wayne, Ind., for complainant.

Clifford B. Longley, Wallace R. Middleton, and Frederick C. Nash, all of Detroit, Mich., and Crumpacker, May, Carlisle & Beamer, of South Bend, Ind., for respondent Ford Motor Co.

Samuel S. Isseks and Alphonse A. Laporte, both of New York City, for respondents Commercial Inv. Trust Corporation and others.

Scheer & Scheer and Harry Taylor, all of South Bend, Ind., and Russell Hardy, of Washington, D. C., amici curiae.

STONE, District Judge.

The United States has moved that this Court extend the period provided in paragraph 12 of the consent decree entered in this cause on November 15, 1938 beyond January 1, 1946, the date to which it was previously extended by consent of the parties, and respondent Ford Motor Company has opposed this motion and in turn moved that this Court enter an order pursuant to paragraph 12 that nothing in said consent decree shall preclude said respondent from acquiring and retaining ownership of, control over or interest in any finance company, or from dealing with such finance company and with said respondent's dealers in the manner provided in said decree or in any order of modification or suspension thereof entered pursuant to paragraph 12a thereof. In addition, respondent Ford Motor Company has moved pursuant to paragraph 12a of said decree that the provisions of subparagraphs (i) and (k) of paragraph 6 of said decree be suspended until similar provisions are imposed upon General Motors Corporation and that subparagraph (e) of said paragraph 6 be modified to the extent necessary to permit said respondent to do those things prohibited by said subparagraphs (i) and (k) which might also be prohibited by said subparagraph (e), such modification to continue until provisions similar to said subparagraph (e) without such modification are imposed on General Motors Corporation.

Also, all respondent finance companies have moved for suspension of subparagraph (d) of paragraph 7 of said decree until a similar provision is imposed upon General Motors Acceptance Corporation.

All of said motions have been heard upon affidavits and arguments of counsel in open court, and the Court, having considered the proofs, the arguments of counsel, and the briefs filed, and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact

1. That the purpose of the second unnumbered paragraph of paragraph 12 of said decree was not only to protect respondent, Ford Motor Company, from the competitive disadvantage that might result from the continued ownership of General Motors Acceptance Corporation by General Motors Corporation if the civil suit of the United States against General Motors Corporation to require it to divest itself of General Motors Acceptance Corporation was delayed, but also to give respondent, Ford Motor Company, an opportunity to defend itself on the question of affiliation after the time limit set forth in such paragraph had expired.

2. That the suit instituted by the United States against General Motors Corporation to require that corporation to divest itself of ownership of General Motors Acceptance Corporation is still pending in the United States District Court at Chicago, Illinois, and has not been reached for trial. However, the plaintiff has proceeded diligently and expeditiously in its said suit.

3. That jurisdiction of this action was specifically retained in this Court for the purpose of requiring compliance with the terms of the decree, or for the purpose of modifying the decree upon proper showing.

4. That this Court has jurisdiction to hear and dispose of the subject matter of complainant's motion and of respondents' motions.

5. That certain provisions of Paragraphs 6 and 7 of the decree herein were to be suspended in the event of failure of complainant to secure general verdicts

of guilty against General Motors Corporation, General Motors Acceptance Corporation and others in a then pending criminal antitrust proceeding by January 1, 1940.

6. That the Court takes judicial notice of the fact that general verdicts of guilty were obtained against General Motors Corporation, General Motors Acceptance Corporation and others on November 17, 1939, and that such general verdicts were sustained on appeal.

7. That the trial court in its instructions to the jury in the criminal antitrust proceedings against General Motors Corporation, et al., held that the agreements, acts, and practices enjoined in Paragraphs 6(i), 6(k), and 7(d) of the Ford decree herein, among others, constituted a proper basis for the return of a general verdict of guilty.

8. That under Paragraph 12 a(2) of the decree herein, the general verdict of guilty in the General Motors case, under the instructions to the jury by the trial court, is equivalent to a decree restraining the performance by General Motors Corporation of such agreement, acts, or practices as are enjoined herein by Paragraphs 6(i), 6(k), and 7(d), and other paragraphs of the decree.

9. That the prohibitions contained in Paragraphs 6(i), 6(k), and 7(d) of the decree herein have been imposed in substantially identical terms upon General Motors Corporation and General Motors Acceptance Corporation as a result of the general verdict of guilty against them under proper instructions from the trial court in accordance with the provisions of Paragraph 12 a(2) of the decree herein.

10. That respondents are not laboring under any competitive disadvantage with General Motors Corporation and General Motors Acceptance Corporation in the manufacture, sale, and financing of Ford cars by virtue of the prohibitions contained in Paragraphs 6(i), 6(k), and 7(d) of the decree· herein, and offered no evidence showing competitive disadvantage.

.11. That the decree provided for a termination of the bar against affiliation, if the civil proceedings against General Motors Corporation and General Motors Acceptance Corporation were not successfully concluded by a court of last resort by January 1, 1941.

12. That by agreement among the parties the date for termination of the bar against affiliation has been extended from time to time to January 1, 1946.

13. That the provisions of Paragraph 12 of the decree, relating to the bar against affiliation, were framed upon the basis that the ultimate rights of the parties thereunder should be determined by the Government's civil antitrust suit against General Motors Corporation and General Motors Acceptance Corporation.

14. That time was not of the essence with respect to lapse of the bar against affiliation.

15. That respondent, Ford Motor Company, has offered no proof that further extension of the bar against affiliation will place it at a competitive disadvantage with General Motors Corporation.

16. That further extension of the bar against affiliation until January 1, 1947, will not impose. a serious burden upon respondent, Ford Motor ¹Company, and will not place respondent, Ford Motor Company, at a competitive disadvantage as regards General Motors Corporation.

### Conclusions of Law

1. That the Court has jurisdiction to entertain the several motions and to make a proper order, or orders, pursuant thereto.

2. That under Paragraph 12 a(2) of the decree, general verdicts of guilty against General Motors Corporation and others in the criminal antitrust proceedings, under proper instructions from the. trial court, must be considered the equivalent of a decree against General Motors Corporation restraining the performance by General Motors Corporation of any agreements, acts, or practices which the trial court, in its instructions to the jury, held was a violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note.

3. That under Paragraph 12 a(3) of the decree herein, the restraints imposed by subparagraphs (d) to (f) and (h) to (1),

inclusive, of Paragraph 6, and subparagraphs (a), (c), and (d) of Paragraph 7, are not subject to suspension provided the equivalent of a decree, as set out in Paragraph 12 a(2), is secured against General Motors Corporation.

■ 4. That the purpose and intent of Paragraph 12 was to provide that the test of the permanency of the bar against affiliation was to abide the outcome of the civil antitrust suit against General Motors Corporation, and that the time clause was subsidiary to such main purpose.

■ 5. That the purpose and intent of the decree will be carried out if Ford Motor Company is given the opportunity at any future time to propose a plan for the acquisition of a finance company, and to make a showing that such plan is necessary to prevent Ford Motor Company from being placed at a competitive disadvantage during the pendency of complainant's civil litigation against General Motors Corporation, et al.

Now, therefore, it is ordered, adjudged and decreed that:

1. The motion of Ford Motor Company seeking a suspension of subparagraphs (i) and (k) of Paragraph 6 of the decree, subparagraph (d) of Paragraph 7 of the decree, and such parts of subparagraph (e) of Paragraph 6 of the decree as may be necessary to do the things now prohibited by subparagraphs (i) and (k) of Paragraph 6, until such time as they shall be imposed upon General Motors Corporation and its subsidiaries, either by consent decree, or by final decree of a court of competent jurisdiction not subject to further review, or by decree of such court which, although subject to further review, continues effective, be and the same is hereby denied.

2. The motion of Commercial Investment Trust Corporation and others seeking a suspension of subparagraphs (i) and (k) of Paragraph 6 of the decree, subparagraph (d) of Paragraph 7 of the decree, and such parts of subparagraph (e) of Paragraph 6 of the decree as may be necessary to do the things now prohibited by subparagraphs (i) and (k) of Paragraph 6, until such time as they shall be imposed upon General Motors Corporation and its subsidiaries, either by consent decree, or by final decree of a court of competent jurisdiction not subject to further review, or by decree of such court which, although subject to further review, continues effective, be and the same is hereby denied.

3. The motion of Ford Motor Company that an order be entered pursuant to Paragraph 12 of the decree, permitting Ford Motor Company to acquire and retain ownership of and control over or interest in any finance company, be and the same is hereby denied.

It is ordered further that the aforesaid final decree as modified shall be and is hereby modified so that the second paragraph of Paragraph 12 thereof shall read as follows: It is an express condition of this decree that notwithstanding the provisions of the preceding paragraph of this paragraph 12 and of any other provisions of this decree, if an effective final order or decree not subject to further review shall not have been entered on or before January 1, 1947, requiring General Motors Corporation permanently to divest itself of all ownership and control of General Motors Acceptance Corporation and of all interest therein, then and in that event, nothing in this decree shall preclude the Manufacturer from acquiring and retaining ownership of and/or control over or interest in any finance company, or from dealing with such finance company and with the dealers in the manner provided in this decree or in any order of modification or suspension thereof entered pursuant to paragraph 12a. The Court, upon application of the respondents or any of them, will enter an order or decree to that effect at the foot of this decree, and the right of any respondent herein to make the application and to obtain such order or decree is expressly conceded and granted.

And it is further ordered, adjudged and decreed that except as thus modified, the modified decree as previously entered shall stand in full force and effect.